UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRAQ TELECOM LIMITED,<br><br>      Petitioner,<br><br>v.<br><br>IBL BANK S.A.L,<br><br>      Respondent. | No. 21 Civ. _____<br><br>**FILED UNDER SEAL** |

**PETITIONER'S MOTION FOR *EX PARTE* ORDER OF ATTACHMENT**

Plaintiff, Iraq Telecom Limited (the "**Petitioner**" or "**Iraq Telecom**"), respectfully submits this Motion for *Ex Parte* Order of Attachment (the "***Ex Parte* Motion**") pursuant to Federal Rule of Civil Procedure 64, New York Civil Practice Law and Rules 6201(1) and 7502(c), and hereby requests permission to attach, without prior notice to Respondent IBL Bank S.A.L. ("**IBL**" or "**Respondent**"), all monies, accounts, property and/or interest in property of IBL, up to the amount of $100 million, as are on deposit with or held by J.P. Morgan Chase Bank N.A.; Citibank N.A. and The Bank of New York Mellon or such other bank or financial institution that has possession of monies, accounts, property and/or interest in property of IBL (hereinafter, "**Garnishees**"), and that the Garnishees shall not transfer any such assets pending further order of this Court.[1]

As fully described in Petitioner's Verified Petition to Confirm a Foreign Arbitration Award and for an *Ex Parte* Order of Attachment in Aid of Arbitration, dated December 14, 2021 (the "**Petition**"); Memorandum of Law in Support of an *Ex Parte* Order of Attachment, dated

---

[1] On December 16, 2021, this Court granted Iraq Telecom's motion for leave to file this case under seal.

December 17, 2021; and the exhibits attached to these papers, this proceeding concerns two related foreign arbitral proceedings against IBL. Iraq Telecom seeks recognition of a foreign arbitral award granting declaratory and monetary relief against Respondent.  Iraq Telecom also seeks attachment, pursuant to Rule 64 of the Federal Rules of Civil Procedure and Articles 62 and 75 of the New York Civil Practice Law and Rules, in aid of a second, related foreign arbitral proceeding, commenced on December 13, 2021.  Without an attachment, the anticipated award in this recently filed arbitration may be rendered ineffectual.

*Ex parte* attachment relief is necessary to protect Petitioner's financial interests because there is considerable risk that IBL, an non-domiciliary entity that has already been found to have engaged in fraudulent conduct, will take steps to remove its assets from this Court's reach if it becomes aware of Iraq Telecom's attachment efforts before the attachment order is granted and levies are served on the Garnishees.

Dated: New York, NY
December 21, 2021

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Kevin Reed*

Kevin Reed

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7000 Main Office Number
212-849-7100 FAX

Kristin Tahler (*Pro hac vice to be filed*)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
213-443-3000 Main Office Number
213-443-3100 FAX

Alex Loomis (*Pro hac vice to be filed*)
111 Huntington Ave, Suite 520
Boston, MA 02199
617-712-7100 Main Office Number
617-712-7200 FAX

*Counsel for Petitioner Iraq Telecom Limited*