**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IRAQ TELECOM LIMITED,<br><br>                       Petitioner,<br><br>v.<br><br>IBL BANK S.A.L,<br><br>                       Respondent. | No. 21-cv-10940 (DLC)<br><br>[PROPOSED] SEALED ORDER GRANTING *EX PARTE* ATTACHMENT |

WHEREAS, on December 21, 2021, Iraq Telecom Limited ("**Petitioner**") filed under seal a Verified Petition to Confirm a Foreign Arbitration Award and for an *Ex Parte* Order of Attachment in Aid of Arbitration (the "**Petition**") against the above-captioned Respondent, IBL Bank S.A.L ("**IBL**"), to attach all monies, accounts, property and/or interest in property of IBL, up to the amount of $100 million, as are on deposit with or held by any bank or financial institution that has possession of monies, accounts, property and/or interest in property of IBL (the "**Garnishees**");

WHEREAS, on December 22, 2021, this Court denied Petitioner's motion for *Ex Parte* Attachment without prejudice on the grounds that it did not (i) identify deposits owned by IBL in New York currently in the possession of a New York bank, or (ii) address *Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009).

WHEREAS, on December 29, 2021, Petitioner filed a Renewed Motion for an *Ex Parte* Order of Attachment against IBL to attach all monies, accounts, property and/or interest in property of IBL, up to the amount of $100 million, as are on deposit or with or held by the Garnishees.

WHEREAS, on January 3, 2022, Petitioner filed a Supplemental Declaration of Kristin Tahler in Further Support of Petitioner's Renewed Motion for an Ex Parte Order of Attachment.

WHEREAS, on January 3, 2022, this Court issued a Sealed Order requiring that Iraq Telecom promptly file a proposed Order of Attachment that identifies the specific funds it seeks to attach by identifying the account numbers and banks.

WHEREAS, the Court's January 3, 2022 Sealed Order ordered that this action shall remain sealed pending a further Order of the Court.

WHEREAS, Petitioner has demonstrated that it has satisfied the grounds for *ex parte* relief because the Court is satisfied that there is an imminent risk that IBL, a non-domiciliary, will remove or dissipate assets if notice of this request for attachment is given to IBL;

WHEREAS, Petitioner has demonstrated that it has satisfied the grounds for an *ex parte* attachment under New York Civil Practice Law and Rule ("**CPLR**") § 6201(1) because IBL is a foreign corporation not qualified to do business in the state and attachment is needed to secure payment of an award issued by an arbitral tribunal;

WHEREAS, Petitioner has demonstrated that it has satisfied the grounds for an *ex parte* attachment under CPLR § 7502 because without such attachment, an arbitration award may be rendered ineffectual;

WHEREAS, Petitioner has identified accounts owned by IBL in New York and demonstrated that case law does not preclude attachment of the monies, accounts, property and/or interest in property of IBL as are on deposit or with or held by the Garnishees.

**NOW THEREFORE,** upon the *ex parte* motion of Petitioner through its attorneys Quinn, Emanuel, Urquhart & Sullivan, LLP, **IT IS HEREBY**

**ORDERED** that Petitioner's renewed motion for an *ex parte* Order of Attachment is GRANTED and this Order of Attachment shall be effective immediately and shall remain so unless otherwise amended or vacated by this Court.

**AND IT IS FURTHER ORDERED** that the amount to be secured by this Order of Attachment is $100 million.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 64 of the Federal Rules of Civil Procedure, and Articles 62 and 75 of the CPLR, the U.S. Marshal for the Southern District of New York or any person appointed to act in his place and stead shall, pursuant to CPLR § 6214, levy without taking possession within this Court's jurisdiction upon such monies, accounts, property and/or interest in property of IBL [as may be found within this district, including but not limited to such monies] as are on deposit with or held by the following Garnishee banks in the accounts listed:

| **GARNISHEE BANK** | **ACCOUNT NUMBER** |
|---|---|
| Citibank | 36329262 |
| JP Morgan Chase | 291853882 |
| Bank of New York Mellon | 803 3215 046 |
| Bank of New York Mellon | 803 3036 168 |

as will satisfy the above-mentioned sum of $100 million (the "**Levied Property**").

**AND IT IS FURTHER ORDERED** that following persons shall act in the place and stead of the U.S. Marshal for the purpose of serving this Order of Attachment and effecting any levy ordered hereby: Court Support, Inc, 954 Lexington Avenue, Suite 284, New York, NY. 10021, and its employees.

3

**AND IT IS FURTHER ORDERED** that pursuant to CPLR § 6214, any levy perfected by service of this Order of Attachment shall be extended and any levy by Petitioner on the Levied Property shall remain valid until 30 days after the date of the resolution by this Court (or the agreement of the parties) of any motion to confirm and/or motion to vacate this Order of Attachment or any levy served pursuant to this Order of Attachment;

**AND IT IS FURTHER ORDERED** that in order to avoid the need to make repeated service of this Order to maintain the effectiveness of this levy on the Garnishees, the statutory 90-day period under CPLR § 6214(e) shall be extended and any levy by Petitioner on the Levied Property shall remain valid until 30 days after the date of the resolution by this Court (or the agreement of the parties) of any motion to confirm and/or motion to vacate this Order of Attachment or any levy served pursuant to this Order of Attachment;

**AND IT IS FURTHER ORDERED** that, within ten days of being served a copy of this Order of Attachment, the Garnishees shall serve the statement required by CPLR § 6219 upon Petitioner's counsel, Quinn Emanuel Urquhart & Sullivan, LLP, by delivery to Kevin Reed at kevinreed@quinnemanuel.com and Kristin Tahler at kristintahler@quinnemanuel.com.

**AND IT IS FURTHER ORDERED** that Petitioner shall post a bond in the amount of $100,000 as security within 14 days of this Order of Attachment.

**AND IT IS FURTHER ORDERED** that service of the summons and Petition upon Respondent shall be by international courier.

SO ORDERED.

Dated: New York, New York
January 19, 2022

_____
Denise L. Cote
United States District Judge

4