

**SQUIRE⟐**
**PATTON BOGGS**

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

*[Handwritten note:] IBL may file a sur-reply by 11/17/22. /s/ Denise Cote 11/2/22*

November 1, 2022

**VIA ECF**

The Honorable Denise Cote, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1910, New York, NY 10007

*Re: Iraq Telecom Limited v. IBL Bank S.A.L.*, No. 1:21-cv-10940-DLC

Dear Judge Cote:

On behalf of Respondent IBL Bank S.A.L. ("IBL"), we respectfully request that the Court strike the declarations of Professor Anthony Saunders (ECF No. 164) and Dr. Paul G. Morcos (ECF Nos. 161, 165) (collectively, the "Declarations") submitted alongside Iraq Telecom's ("IT") Reply Post-Remand Memorandum (ECF No. 160) ("IT's Reply"), together with those portions of IT's Reply that rely on the Declarations, because the Declarations contain material that should have been included in IT's initial round of briefing on October 7, but was improperly withheld until reply briefing to deny IBL an opportunity to respond. In the alternative, IBL respectfully requests leave to file a sur-reply to address the Declarations.

The Declarations expressly address the same four extraordinary circumstances that have been in play since February 2022 (*see* ECF 94), and certainly no later than the Second Circuit's August 5, 2022 decision remanding for further consideration. *See* Morcos Decl. ¶¶ 8-9 (listing the four extraordinary circumstances, and purporting to address the first three); Saunders Decl., ¶ 2 (purporting to address the fourth extraordinary circumstance). Neither Declaration expressly addresses statements made in the declarations accompanying IBL's opening brief on remand. Accordingly, both of IT's Declarations could and should have accompanied IT's opening brief on remand, which would have allowed IBL the opportunity to respond in its reply papers.

Evidence, just like arguments, "may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)). "[A] movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks." *Paz Sys. v. Dakota Grp. Corp.*, No. CV 05-4763, 2006 U.S. Dist. LEXIS 103301, at *10 (E.D.N.Y. June 16, 2006) (citation omitted). Thus, "[w]here a [party] has had ample opportunity to present evidence in its initial motion and did not do so, the court may decline to address that evidence." *Id.* Considering new evidence on reply is "fundamentally unfair to the defendants, because it would deprive them of an opportunity

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                                          The Honorable Denise Cote
                                                                      November 1, 2022
**VIA ECF**

to respond," and deprive the Court of the benefit of full briefing. *United States ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, 2012 U.S. Dist. LEXIS 51675, at *14 (S.D.N.Y. Apr. 9, 2012).

Because the Declarations purport to address four extraordinary circumstances that have been at the heart of the attachment issues for months, IT cannot claim that they learned of the need to address them only after reading IBL's opening post-remand papers. IBL's opening papers addressed those extraordinary circumstances (*see* ECF No. 147), but IT's opening brief failed to meaningfully do so. ECF No. 140 at 4–6. Instead, IT apparently reserved its arguments and supporting evidence for its reply so that IBL could not respond to those arguments. This is improper and IT's new evidentiary materials, in particular the Declarations, should be stricken.

If IT had submitted the Declarations with its opening brief, then IBL would have responded with rebuttal evidence demonstrating that multiple assertions in the Declarations are baseless, misleading, incomplete, or inconsistent with prior declarations submitted by IT, and therefore materially skew the analysis of the four extraordinary circumstances at issue. As just one example, IT would have demonstrated that the Morcos Declaration is highly misleading in asserting that IBL can use "any available assets to fund fresh money customer withdrawals" and can "increase its net fresh funds by liquidating or using is property in Lebanon". Morcos Decl. at ¶ 30. To the contrary, as IBL would have shown, any assets liquidated for that purpose by IBL would be at a massive loss versus book value—akin to the losses incurred acquiring fresh dollars at the Sayrafa rate (*see* ECF 145, ¶¶ 33-34), thus dramatically and negatively altering IBL's balance sheet, and therefore implicating the first extraordinary circumstance of "forc[ing] IBL into insolvency." Morcos Decl. ¶ 8.

The Saunders Declaration also should have been filed with IT's opening brief, which claimed without support that "there [is no] indication that anyone lost confidence in New York's financial institutions or the correspondent banking system." ECF No. 140 at 6. There is nothing about the Saunders Declaration that depends on, or responds to, assertions made for the first time in IBL's opening papers. To the contrary, this Court has noted <u>for months</u> that IT had failed to present evidence or argument about the impact of the attachment on confidence in New York's correspondent-banking system. (*See, e.g.*, Mar. 16, 2022 Op. and Order, ECF No. 112, at 47.) If IT had submitted the Saunders Declaration with its opening brief, then IBL would have demonstrated that the attachment accelerates the likelihood of closure of IBL's correspondent accounts because of the widespread de-risking that Professor Saunders addresses, which in turn undermines access to New York correspondent accounts, which are central to implementation of the BdL Circulars and IBL's role in the Lebanese and world-wide banking community.

Alternatively, IBL seeks leave to file a sur-reply addressing the Declarations. Where a reply brief presents new evidence, "the district court should permit the nonmoving party to respond to the new matters." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000) (citation omitted); *see Beyond Bespoke Tailors, Inc. v. Barchiesi*, No. 20-cv-5482 (VSB), 2021 U.S. Dist. LEXIS 103637, at *1 (S.D.N.Y. June 2, 2021) ("[G]iven that the exhibits submitted with Defendants' reply raise new issues . . . , Plaintiffs should be given the opportunity to file a sur-reply regarding how these exhibits and the declaration affect their opposition.").

Squire Patton Boggs (US) LLP

**VIA ECF**

The Honorable Denise Cote
November 1, 2022

Very truly yours,

Squire Patton Boggs (US) LLP

*/s/ Gassan A. Baloul*
Gassan A. Baloul