

**SQUIRE⟩**
**PATTON BOGGS**

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

October 28, 2022

**VIA ECF**

The Honorable Denise Cote
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

*Granted.*
*/s/ Denise Cote*
*11/7/22*

*Re: Iraq Telecom Limited v. IBL Bank S.A.L.*, No. 1:21-cv-10940-DLC

Dear Judge Cote:

On behalf of Respondent IBL Bank S.A.L. ("IBL") and pursuant to Federal Rule of Civil Procedure 5.2 and Rule 8.B. of Your Honor's Individual Rules of Practice, IBL respectfully submits this letter-motion requesting an order to file under seal (1) Respondent IBL Bank's Response to Iraq Telecom's Opening Post-Remand Memorandum Concerning the Attachment Amount, (2) the Third Declaration of Nakhlé Khoneisser, and (3) the Fourth Declaration of Karim Habib (all three, collectively, the "Response Documents"). The Court granted a similar request upon the filing of IBL Bank's Opening Post-Remand Memorandum of Law Concerning the Attachment Amount. *See* ECF No. 151. Because the Response Documents contain the same confidential and sensitive financial information that the Court permitted IBL to file under seal previously, the Court should grant this motion and maintain the confidentiality of that information. Subsequent to filing this letter-motion, IBL will publicly file redacted versions of these documents, omitting confidential information, including sensitive financial information.

Pursuant to Rule 5.2, the Court may, "[f]or good cause," order redaction of a filed document or limit a nonparty's access to a document filed with the court. Fed. R. Civ. P. 5.2. A district court "enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in" court. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). The Second Circuit has designated three factors to guide this discretion: first, the court must determine whether the document to be filed constitutes a "judicial document"; second, the court must determine the weight of the presumption of public access for the document; and third, the court must weigh competing interests against the presumption of public access. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006).

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

**VIA ECF**

The Honorable Denise Cote
October 28, 2022

Though the Response Documents here are "judicial documents," the weight of the presumption of public access is low, given the narrow request here, seeking a redaction of only confidential financial information. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where . . . documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."). And where, as here, the information sought to be protected is confidential business information, those privacy interests generally outweigh the presumption of public access. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) ("Considering the parties' strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information, we conclude that the district court abused its discretion in ordering the information unsealed."); *SEC v. Telegram Grp., Inc.*, No. 19-cv-9439 (PKC), 2020 U.S. Dist. LEXIS 106592, at *19 (S.D.N.Y. June 17, 2020) ("[T]he confidentiality of proprietary business information and banking records are legitimate countervailing factors to the public's presumptive right of access."); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 U.S. Dist. LEXIS 62974, at *9 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." (citation omitted)).

Accordingly, an order allowing IBL to file unredacted versions of the Response Documents under seal will protect IBL's significant interest in keeping certain information—including its global liquidity amounts, compliance efforts with Banque du Liban Circulars, and other proprietary information—confidential, without unduly restricting the right of public access.

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion to seal the above materials or, in the alternative, allow Defendants to file a full memorandum of law to address the sealing of these materials.

Very truly yours,

Squire Patton Boggs (US) LLP

*Gassan A. Baloul*
Gassan A. Baloul